IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**JUAN A. MENDEZ,**                                  :
                                                     :
        **Petitioner**                    :      **CIVIL NO. 1:CV-13-01137**
                                                     :
  **v.**                                           :      **(Judge Rambo)**
                                                     :
**SUPERINTENDENT**                                   :
**SCI-HUNTINGDON,**                                  :
                                                     :
     **Respondent**                      :

**M E M O R A N D U M**

     Petitioner Juan A. Mendez, who is presently incarcerated at the State

Correctional Institution in Huntingdon, Pennsylvania ("SCI-Huntingdon"), initiated

this action by filing a *pro se* petition for writ of habeas corpus pursuant to the

provisions of 28 U.S.C. § 2254.  (Doc. 1.)  Petitioner is proceeding *in forma pauperis*.

(*See* Doc. 6.)  Petitioner seeks to challenge his 1999 convictions for involuntary

deviate sexual intercourse and related charges in the Court of Common Pleas of

Dauphin County, Pennsylvania.  For the reasons set forth below, the petition will be

denied with prejudice as untimely under 28 U.S.C. § 2244(d)(1).

# I.    Facts and Procedural History

On June 7, 1999, following guilty pleas entered on February 10, 1999, Petitioner was sentenced in the Dauphin County Court of Common Pleas to a term of imprisonment of eight (8) to twenty-five (25) years for several sex-related offenses. (Doc. 1 at 1; Doc. 8 at 2.)

Petitioner did not file a direct appeal to the Superior Court of Pennsylvania.  On July 3, 2000, Petitioner filed a *pro se* petition for post conviction collateral relief under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. §§ 9541-9546.  (*See* Doc. 8 at 2.)  The PCRA petition was dismissed on November 14, 2000.  (*Id.*)  Petitioner timely filed a *pro se* appeal to the Pennsylvania Superior Court. (*Id.*)  By order dated October 30, 2001, the Superior Court affirmed the denial of PCRA relief.  (*Id.*)  Petitioner did not seek further review with the Supreme Court of Pennsylvania.  (*Id.*)  In addition, Petitioner has not filed any subsequent challenges to his convictions and sentence prior to filing the instant petition.  (*Id.*)

Petitioner filed the instant petition for writ of habeas corpus on April 29, 2013. (Doc. 1.)  In accordance with *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999) and *Mason v. Myers*, 208 F.3d 414 (3d Cir. 2000), on May 6, 2013, the court issued a formal notice to Petitioner that he could either have the petition ruled on as filed, but

2

lose his ability to file a second or successive petition, absent certification by the court of appeals, or withdraw his petition and file one all-inclusive § 2254 petition within the one-year statutory period prescribed by the Antiterrorism and Effective Death Penalty Act. (Doc. 5.) Petitioner was advised that if he did not return his Notice of Election form within 45 days, the court would rule upon his current petition as filed. (*Id.*) On June 20, 2013, Petitioner filed his Notice of Election, indicating that he chooses to have the court rule on his petition as filed. (Doc. 7.)

On June 18, 2013, the court issued an order to show cause, directing the Respondent to file a response addressing whether Petitioner's habeas petition is timely. (Doc. 6.) Respondent filed a response on July 8, 2013, arguing that the petition is not timely and that there is no basis for equitable tolling. (Doc. 8.) Petitioner filed a traverse on July 16, 2013. (Doc. 10.) Thus, the court will now consider whether the petition for writ of habeas corpus filed in this case is timely.[1]

## II.    Discussion

---

[1]    Also currently pending before the court is Petitioner's motion for appointment of counsel. (Doc. 3.)

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28

U.S.C. § 2254, provides, in pertinent part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a). A petition filed under § 2254 must be timely filed under the

stringent standards set forth in the Antiterrorism and Effective Death Penalty Act of

1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). *See* 28

U.S.C. § 2244(d)(1). A state prisoner requesting habeas corpus relief pursuant to §

2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> * * *
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> * * *
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent

judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); *see Jones v. Morton*, 195 F.3d 153, 157 (3d Cir. 1999).

Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired. *See Nara v. Frank*, 264 F.3d 310, 314 (3d Cir. 2001). Further, the limitations period is applied on a claim-by-claim basis. *See Fielder v. Verner*, 379 F.3d 113 (3d Cir. 2004).

In the instant case, after entering the guilty pleas, Petitioner was sentenced to a term of imprisonment of 8 to 25 years by the Dauphin County court on June 7, 1999. Petitioner did not file a direct appeal. Therefore, his conviction became final on July 7, 1999.[2] *See* 42 Pa. Cons. Stat. Ann. § 9545(b)(3) ("judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review"). The one-year period for the statute of limitations commenced running as of that date, and expired on July 7, 2000. Hence, the federal petition, which was filed on April 29, 2013, appears to be untimely. However, the

---

[2]  In Pennsylvania, a criminal defendant has thirty days from the date of his sentence to file a direct appeal with the Superior Court. *See* Pa. R. Crim. P. 720(a)(3).

court's analysis does not end there.  Consideration of both statutory and equitable tolling must be undertaken.

### A.    <u>**Statutory Tolling**</u>

Section 2244(d)(2) tolls the statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  On July 3, 2000, Petitioner filed a timely PCRA petition in the Dauphin County court.  As a result, the statute of limitations became tolled at that point, four (4) days prior to the July 7, 2000 expiration of the federal limitations period.  On October 30, 2001, the Pennsylvania Superior Court affirmed the denial of PCRA relief.  On November 30, 2001, thirty days after Petitioner's PCRA denial was affirmed, statutory tolling ceased to apply and the § 2244(d)(1) filing deadline resumed.  Thus, the filing deadline for the instant habeas petition expired on or about December 4, 2001 (November 30, 2001 plus the 4 days remaining on the statute prior to tolling by filing of PCRA petition).  Based on the foregoing, since the instant petition was not filed until April 29, 2013, it is clear that Petitioner failed to file his action within the requisite one-year statutory deadline, and the petition may be dismissed as untimely.

## B.    Equitable Tolling

The federal habeas statute of limitations is subject to equitable tolling in only extraordinary circumstances.  *See Holland v. Florida*, — U.S. — , 130 S. Ct. 2549, 2562 (2010); *see also LaCava v. Kyler*, 398 F.3d 271, 274-75 (3d Cir. 2005).  It is only in situations "when the principle of equity would make the rigid application of a limitation period unfair" that the doctrine of equitable tolling is to be applied.  *Merritt v. Blaine*, 326 F.3d 157, 168 (3d Cir. 2003) (quotations omitted).  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Pace v. Diguglielmo*, 544 U.S. 408, 416-17 (2005).

Extraordinary circumstances permitting equitable tolling have been found where the petitioner: (1) has been actively misled, (2) has been prevented from asserting his rights in some extraordinary way, (3) timely asserted his rights but did so in the wrong forum by mistake, *see Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999), or (4) was misled by the court as to the steps to be taken to preserve a claim, *see Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir.).[3]

---

[3]  In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes are not the extraordinary circumstances necessary to establish equitable tolling.  *See Johnson v. Hendricks*, 314 F.3d 159, 163 (3d Cir. 2002); *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001).

Petitioner asserts that he has not sought relief in any other court, state or federal, since the Superior Court affirmed the denial of PCRA relief in October 2001 because of: (1) his "total ignorance of legal procedure"; (2) ineffective assistance of counsel, "insofar as advising me of my option to appeal to a higher court"; (3) and poor education, lack of English, and hearing problems. (Doc. 10 at 1.) For the reasons stated below, none of these contentions merits equitable tolling.

First, Petitioner cannot show that his lack of education or legal knowledge is an extraordinary circumstance. *See Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003) (equitable tolling inappropriate where petitioner alleged lack of legal resources and legal knowledge); *Delaney v. Matesanz*, 264 F.3d 7, 15 (1st Cir. 2001); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (ignorance of the law does not excuse untimely filing); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (unfamiliarity with the legal process because of illiteracy does not merit equitable tolling); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) (ignorance of the law is an inadequate justification for an untimely petition); *Massey v. Brooks*, Civ. No. 07-1567, 2007 WL 3243367, *4 (E.D. Pa. Oct. 29, 2007) (lack of legal knowledge is not an extraordinary circumstance to merit equitable tolling); *Land v. Carroll*, 402 F. Supp. 2d 514, 518 (D. Del. 2005) (mistakes or miscalculations of the one-year

limitations period made by *pro se* petitioner do not warrant equitable tolling). Based on this well-settled case law, Petitioner's "total ignorance of legal procedure" and "poor education" are not extraordinary circumstances that warrant equitable tolling.

Turning to Petitioner's claim of ineffective assistance of counsel as it relates to equitable tolling, a limitations period may be equitably tolled by a showing of ineffective assistance of counsel, but Petitioner must show that counsel was indeed ineffective, *see United States v. Casiano*, 216 F. App'x 173, 175 (3d Cir. 2007) (deadline may be equitably tolled by a showing of ineffective assistance of counsel, but record that counsel was not ineffective can negate the contention), and that the ineffectiveness was an extraordinary circumstance. Ineffective assistance of counsel has not generally been considered an extraordinary circumstance where the ineffectiveness was due to counsel's negligence or mistake. *See United States v. Martin*, 408 F.3d 1089, 1093-94 (8th Cir. 2005). Serious attorney misconduct, however, may warrant equitable tolling. *Nara*, 264 F.3d at 320 (noting that claims of attorney misconduct may provide a basis for equitable tolling); *see also Spitsyn v. Moore*, 345 F.3d 796, 798 (9th Cir. 2003) (tolling state habeas petitioner's statute of limitations due to "extraordinary circumstance" of egregious misconduct on the part of petitioner's attorney); *Baldavaque v. United States*, 338 F.3d 145, 152 (2d Cir.

2003) ("It is not inconsistent to say that attorney error normally will not constitute the extraordinary circumstances required to toll the AEDPA limitations period while acknowledging that at some point, an attorney's behavior may be so outrageous or so incompetent as to render it extraordinary); *Rouse v. Lee*, 339 F.3d 238, 250 n.14 (4th Cir. 2003) (suggesting that equitable tolling may be appropriate where attorney conduct reaches the level of "utter abandonment"); *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) (petitioner's allegation that he was deceived by his attorney into believing that a timely habeas petition had been filed presents a "rare and extraordinary circumstance" beyond petitioner's control that could warrant equitable tolling if petitioner reasonably relied on counsel's representations). In this case, Petitioner states that because of "inadequate legal representation, insofar as advising me of my option to appeal to a higher court, I neglected to appeal to the Supreme Court." (Doc. 10 at 1.) Even assuming that Petitioner had counsel during the time for direct appeal or an appeal to the Pennsylvania Supreme Court from the Superior's Court decision affirming the denial of PCRA relief,[4] he has failed to show how counsel's behavior was more than mere negligence or mistake. Further, he has not alleged any serious attorney misconduct. Moreover, even if it can be found that

---

[4] In his petition, Petitioner does not provide the names of any attorneys who represented him at any stage of the judgment he is challenging. (*See* Doc. 1 at 12.)

counsel's ineffectiveness constituted an extraordinary circumstance, Petitioner has failed to show that he was reasonably pursuing his rights diligently in attempting to file an appeal after the extraordinary circumstances began. *See infra*.

Petitioner also asserts that due to his poor education, lack of English, and hearing problems, he was prevented from learning of other avenues of relief "until it was too late." (Doc. 10 at 1-2.) First, the court has already found that lack of education does not constitute an extraordinary circumstance warranting equitable tolling of the one-year period of limitation. *See Delaney*, 264 F.3d at 15. In addition, language barriers do not warrant equitable tolling. *See Massey*, 2007 WL 3243367, at *4 n.3; *Ortega-Espinoza v. Blackletter*, No. 04-526-E, 2006 WL 1277564, *2 (D. Or. May 4, 2006) (refusing to find equitable tolling where illiterate, Spanish-speaking petitioner was denied assistance with filing his petition) (citing *German v. United States*, 209 F. Supp. 2d 288, 293 (S.D.N.Y. 2002) (petitioner's inability to understand English and lack of law library with Spanish books are not extraordinary circumstances)). Finally, Petitioner provides the court with no explanation at all as to how a hearing disability prevented him from timely seeking relief by way of a properly-filed federal habeas petition. Therefore, none of these circumstances present the court with a basis to permit equitable tolling of Petitioner's habeas petition.

Additionally, in his habeas petition, Petitioner seems to argue that because he allegedly does not possess a written judgment of sentence order from the Dauphin County court, this fact constitutes "newly discovered evidence" that warrants equitable tolling. (Doc. 1 at 13.) In the response to the petition, Respondent refutes this argument, stating that Petitioner "was aware of his sentence at the time of sentencing and any paperwork associated with his case is a matter of public record with the Dauphin County Clerk's Office." (Doc. 8 at 7.) Here, the court agrees with Respondent and finds Petitioner's argument with respect to "newly discovered evidence" unavailing as it relates to equitable tolling. It is reasonable to conclude that Petitioner was aware of his sentence at the time of sentencing or could have obtained information on his case from any number of sources in order to appeal the judgment. This conclusion is especially reasonable considering Petitioner himself filed a PCRA petition in the Dauphin County court. Given Petitioner's ability to file a collateral appeal in state court, the court fails to understand how a lack of a sentencing order constitutes "newly discovered evidence" before this court that would have prevented him from filing a § 2254 petition before now, and Petitioner does nothing to enlighten the court on his assertion. Thus, equitable tolling is not warranted here on Petitioner's

assertion in his habeas petition that a lack of sentencing order constitutes "newly discovered evidence."

Even assuming *arguendo* that the court agreed with any of Petitioner's contentions for extraordinary circumstances that would merit equitable tolling, the court nonetheless concludes that Petitioner did not exercise the requisite due diligence by allowing more than twelve (12) years to lapse from the date the Pennsylvania Superior Court affirmed the denial of PCRA relief until he sought relief in this court with the filing of the instant habeas petition. It is a well-established principle that, in order for a petitioner to claim an entitlement to equitable tolling, he must show that he "exercised reasonable diligence in . . . bringing [the] claims." *Miller v. N.J. State Dep't of Corr.*, 145 F.3d 616, 618-19 (3d Cir. 1998) (quoting *New Castle Cnty. v. Halliburton NUS Corp.*, 111 F.3d 1116, 1126 (3d Cir. 1997)); *see also Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). While due diligence "does not require 'the maximum feasible diligence,' . . . it does require reasonable diligence in the circumstances." *Schlueter v. Varner*, 384 F.3d 69, 74 (3d Cir. 2004). Here, Petitioner provides the court with no explanation of why his stated contentions for extraordinary circumstances, none of which include any incapacitation on his part, would cause the 12-year absence of any efforts on his part to seek relief from his 1999 convictions and

sentence.  As a result, the court finds that Petitioner has not demonstrated that he exercised reasonable due diligence in bringing his habeas claims, and, for this additional reason, equitable tolling of Petitioner's habeas petition is not warranted.

## III.   <u>Conclusion</u>

For the reasons set forth above, the court finds the petition for writ of habeas corpus (Doc. 1) is untimely.  In addition, Petitioner fails to meet any exception to the limitations period of § 2244(d)(1).  As a result, the petition will be denied.

Further, pursuant to Local Appellate Rule 22.2 of the Rules of the United States Court of Appeals for the Third Circuit, at the time of a final order denying a petition under 28 U.S.C. § 2254, the district court must make a determination as to whether a certificate of appealability should issue.  3d Cir. L.A.R. 22.2.  A certificate of appealability should issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To meet this burden a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000) (internal citations and quotations omitted).

In the present matter, the court concludes that reasonable jurists would not debate whether the court properly resolved the issues presented.  As such, a certificate of appealability will not issue.

An appropriate order will issue.

s/Sylvia H. Rambo
United States District Judge

Dated:  July 26, 2013.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JUAN A. MENDEZ,** | : | **CIVIL NO. 1:13-CV-01137** |
| | : | |
| **Petitioner** | : | **(Judge Rambo)** |
| | : | |
| **v.** | : | |
| | : | |
| **SUPERINTENDENT** | : | |
| **SCI-HUNTINGDON,** | : | |
| | : | |
| **Respondent** | : | |

**O R D E R**

For the reasons set forth in the accompanying memorandum, **IT IS HEREBY**

**ORDERED THAT:**

1) The petition for writ of habeas corpus (Doc. 1) is **DENIED** with prejudice as

untimely.  28 U.S.C. § 2244(d)(1).

2) The motion for appointment of counsel (Doc. 3) is **DENIED** as moot.

3) A certificate of appealability is **DENIED**.  *See* 28 U.S.C. § 2253(c)(1).

4) The Clerk of Court is directed to **CLOSE** this case.


        s/Sylvia H. Rambo
        United States District Judge

Dated:  July 26, 2013.